```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
UNITED STATES OF AMERICA ex rel.                            :
CKD PROJECT, LLC,                                           :    ORDER ADOPTING REPORT AND
                                                            :    RECOMMENDATION
                           Plaintiff,                       :
                                                            :    14-cv-6646 (BMC) (SJB)
             - against -                                    :
                                                            :
                                                            :
FRESENIUS MEDICAL CARE                                      :
HOLDINGS, INC.; NEW YORK DIALYSIS                           :
SERVICES, INC.; FMS NEW YORK                                :
SERVICES LLC; and BIO-MEDICAL                               :
APPLICATIONS MANAGEMENT                                     :
COMPANY, INC.;                                              :
                                                            :
                           Defendants.                      :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

In this case under the False Claims Act ("FCA"), relator CKD Project, LLC, sued various entities connected to Fresenius Medical Care Holdings, Inc. (collectively, "defendants"), alleging that they maintained a "systematic and nationwide kickback scheme" in violation of the Anti-Kickback Statute ("AKS"), 42 U.S.C. § 1320a-7b(b). In a Report and Recommendation ("R&R"), Magistrate Judge Bulsara recommended dismissing the suit based on the "public disclosure bar."

Now before me are relator's objections. "A judge of the [district] court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Although review is *de novo* for "those portions of the report . . . to which objection is made," id., a report "should be reviewed only for clear error" when a party "simply reiterates his original arguments," Bridges v. Lee, No. 15-cv-4669, 2021 WL 688292, at

\*2 (E.D.N.Y. Feb. 23, 2021). Relator's objections fall mostly in the latter category. In any event, I see no error, much less clear error, in the R&R.[1]

1. Relator first argues that the public disclosure bar does not apply to this case. The public disclosure bar provides that courts 'shall dismiss an action or claim . . . if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed . . . unless . . . the person bringing the action is an original source of the information." United States ex rel. Chorches for Bankr. Est. of Fabula v. Am. Med. Response, Inc., 865 F.3d 71, 79 (2d Cir. 2017) (quoting 31 U.S.C. § 3730(e)(4)(A)). The public disclosure bar thus requires a two-step inquiry. First, "courts look to whether the substance of a relator's claim had been disclosed prior to the filing of his suit," and second, "courts look to whether, if such disclosures had been made, the relator can be considered an 'original source.'" United States ex rel. Patriarca v. Siemens Healthcare Diagnostics, Inc., 295 F. Supp. 3d 186, 196 (E.D.N.Y. 2018).

At the first step, the R&R concluded that the substance of relator's claim had been disclosed in the 2013 Form 20-F that Fresenius Medical Care AG & Co. KGaA filed with the Securities and Exchange Commission. It provided:

> If our joint ventures violate the law, our business could be adversely affected.
>
> A number of the dialysis centers and vascular access centers we operate are owned, or managed, by joint ventures in which we hold a controlling interest and one or more hospitals, physicians or physician practice groups hold a minority interest. Physician owners, who are usually nephrologists, may also provide medical director services and physician owners may refer patients to those centers or other centers we own or operate or to other physicians who refer patients to those centers or other centers we own and operate. While we have structured our

---

[1] After defendants filed their opposition to relator's objections to the R&R, relator filed a reply. In response, defendants filed a letter noting that Federal Rule of Civil Procedure 72(b)(2), which governs objections to a magistrate judge's report and recommendation, does not provide for replies. Courts have therefore refused to consider replies when parties "neither sought nor received leave" to file them. Prescott v. Nationwide Mut. Ins. Co., No. 17-cv-6508, 2020 WL 64185, at \*1 n.1 (E.D.N.Y. Jan. 7, 2020). Perhaps recognizing its error, relator filed a belated motion for leave to file the reply. This issue is one that relator should have considered before filing the reply, so the motion is denied.

> joint ventures to comply with many of the criteria for safe harbor protection under the U.S. Federal Anti-Kickback Statute, our investments in these joint venture arrangements do not satisfy all elements of such safe harbor. While we have established comprehensive compliance policies, procedures and programs to ensure ethical and compliant joint venture business operations, if one or more of our joint ventures were found to be in violation of the Anti-Kickback Statute or the Stark Law, we could be required to restructure or terminate them. We also could be required to repay to Medicare amounts received by the joint ventures pursuant to any prohibited referrals, and we could be subject to criminal and monetary penalties and exclusion from Medicare, Medicaid and other U.S. federal and state healthcare programs. Imposition of any of these penalties could have a material adverse effect on our business, financial condition and results of operations.

According to relator, this filing did not disclose the substance of its claims because it did not disclose facts that would satisfy each of the legal elements of an AKS claim. The SEC filing merely noted that the joint venture arrangement could violate the law, relator explains, but the complaint added that defendants paid above-market prices for clinics in order to induce referrals. When the R&R rejected this argument, relator continues, the R&R "relie[d] upon an unduly generalized view of [r]elator's claims" and put too much stock in the disclosure that the joint ventures "do not satisfy all elements of [an AKS] safe harbor." On this view, the SEC filing did not disclose the same allegations or transactions as alleged in this action.

But this argument starts from a flawed premise. True, the public disclosure bar applies only if "substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed," 31 U.S.C. § 3730(e)(4)(A), and "[i]n assessing substantial similarity, courts must inquire whether the public disclosures exposed all the essential elements of the alleged fraud," United States ex rel. Vierczhalek v. MedImmune, Inc., 345 F. Supp. 3d 456, 462 (S.D.N.Y. 2018), aff'd, 803 F. App'x 522 (2d Cir. 2020). But the test is not as narrow as relator seems to assume. Although "[t]he bar is triggered if 'material elements' of the fraud have been publicly disclosed," it "does not require that the alleged fraud, itself, have been disclosed." United States ex rel. Foreman v. AECOM, 454 F. Supp. 3d 254, 262 (S.D.N.Y. 2020). Instead,

the issue depends on "whether the information conveyed in the public disclosures could have formed the basis for a governmental decision on prosecution, or could at least have alerted law-enforcement authorities to the likelihood of wrongdoing." United States ex rel. Kester v. Novartis Pharms. Corp., 43 F. Supp. 3d 332, 347 (S.D.N.Y. 2014) (cleaned up). In explaining why the joint ventures may "violate the law," the SEC filing "could at least have alerted law-enforcement authorities to the likelihood of wrongdoing," even though it did not disclose the fraud itself. Id. (quoting another source). Therefore, the R&R did not err in concluding that the substance of relator's claims had been disclosed prior to the filing of this suit.

    2. Next, relator argues that, even if the public disclosure bar would otherwise apply, relator falls within the exception for an "original source." An "original source" is someone who "has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and who has voluntarily provided the information to the Government before filing an action." 31 U.S.C. § 3730(e)(4)(A). Relator objects to the R&R's conclusion that its knowledge was not "independent" because relator may have relied upon documents obtained in discovery. Relator also objects to the conclusion that its knowledge did not "materially add[] to" the public disclosures because it merely added detail and color to previously disclosed elements.

    The problem, however, is that relator still offers little information on the source of its knowledge. Relator is not a whistleblower, but an entity formed solely for this litigation. It acquired its information from a third party, who the amended complaint described as "an inside participant in one of the fraudulent joint venture transactions" whose information was not "previously publicly disclosed within the meaning of 31 U.S.C. § 3730(e)(4)(A)." The amended complaint offered no further detail. And as the R&R explained, "[t]his conclusory statement,

4

couched in legalese, tells the Court nothing and is insufficient to demonstrate the extent of [r]elator's contributions to the public record."

The objections do not shed any more light on this issue. Instead, relator argues that the R&R impermissibly drew an inference against relator by pointing out that some of the documents relator appended to the amended complaint were ones it obtained during discovery. "Without telling the Court the source of these documents, there is no basis to infer that the [r]elator itself is providing this information or that [it] is simply recycling information from the litigation," the R&R explained. "A relator cannot 'materially add' 'independent' information to public disclosures with items obtained through discovery requests." But even setting aside the reliance on discovery materials, relator does not adequately explain how it materially added to the publicly disclosed allegations or transactions. Its arguments again rely on the mistaken assumption that the public disclosure bar does not apply unless the fraud itself was disclosed. And to the extent relator "add[s] detail about the precise manner" in which the alleged scheme worked, relator "merely adds detail or color to previously disclosed elements of an alleged scheme is not materially adding to the public disclosures." United States ex rel. Winkelman v. CVS Caremark Corp., 827 F.3d 201, 213 (1st Cir. 2016). Therefore, the R&R did not err in concluding that relator was not an "original source" under the FCA.[2]

3. Finally, relator argues that the R&R erred in recommending that leave to amend be denied. Although a court "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), it "has discretion to deny leave for good reason, including futility, bad faith, undue

---

[2] As the R&R explained, the amended complaint did not specify the date range at issue, but the alleged conduct seems to have occurred both before and after the 2010 amendments to the FCA. Relator spends a substantial portion of its objections arguing that the post-2010 definition of "original source" applies to all conduct in this case. But I need not decide that issue because, at the R&R made clear, relator does not qualify as an "original source" under either definition. Similarly, the 2010 amendments do not affect the conclusion that the substance of relator's claims had been disclosed prior to the filing of this suit.

5

delay, or undue prejudice to the opposing party," Holmes v. Grubman, 568 F.3d 329, 334 (2d Cir. 2009) (quoting another source).  Here, the R&R concluded that leave to amend would be futile.  The case had been pending for well over six years, and relator had the benefit of a significant amount of discovery when it filed the amended complaint.  That amended complaint was also filed shortly after defendants moved to dismiss based on the public disclosure bar, so it sought to address the very same defects that defendants now argue an amendment could fix.  And yet, in its objections, relator still refuses to reveal any additional information about its "inside participant," how that participant's information is independent of and materially adds to the public disclosure in the SEC filing, or what, exactly, an amendment would add to the existing complaint.  Instead, relator vaguely asserts that it would "present additional independent information that bears on whether [r]elator's knowledge 'materially adds' to any public-disclosed allegations or transactions of [defendants'] misconduct."  In these circumstances, the R&R did not err in concluding that no additional allegations could solve relator's problems with the public disclosure bar and that, as a result, leave to amend should be denied.

      Relator's motion for leave to file a reply [81] is denied, the objections to the report and recommendation are overruled, and the report and recommendation [74] is adopted in full.  The Clerk is directed to enter judgment, dismissing this case.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
       July 30, 2021